IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL STEVENS,

    Plaintiff,  No. CIV S-09-0247 FCD GGH PS

  vs.

CHERYL KARY, et al.,  ORDER

    Defendants.

_____/

    Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

    Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

    Determining plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant,[1] and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Plaintiff has filed a complaint alleging that his step sister, Cheryl Kary, converted personal and trust property. He also alleges that defendant Sun Life Insurance Company assisted Kary in the conversion, and that the Department of Housing and Community Development and Walter (LNU)) "aided and abetted Kary to convert and/or misuse property and breach the contract and court order." Compl. at ¶¶ 5, 6. Jurisdiction is predicated on the Arbitration Act, 9 U.S.C. § 4 et seq., and the First, Fifth, and Fourteenth Amendments; however, all of the claims are limited to state law, including "conversion, trespass to chattel, reduced life expectancy,

---

[1] A federal court's authority to hear cases in diversity is established by 28 U.S.C. § 1332. "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant. That compliance with the diversity statute, including its complete diversity requirement, is the *sine qua non* of diversity jurisdiction was made clear in Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989). In a case involving claims against multiple defendants, "the plaintiff must meet the requirements of the diversity statute for each defendant. Id. at 829." Lee v. American National Insurance Company, 260 F.3d 997, 1004-1005 (9th Cir. 2001) (fn. and citations omitted).

intentional tort, duty to mitigate by arbitration, malicious/vexatious litigation to harm, assault, negligence, aiding and abetting, breach of contract, infliction of emotional distress, and estoppel from unjust enrichment."

By his claim for a duty to arbitrate, plaintiff concedes that arbitration is required by state law, not federal law. Compl. at ¶ 54. In any event, section 4 of Title 9 specifies that the district court must otherwise have jurisdiction under Title 28, which requires federal jurisdiction.

Furthermore, plaintiff has alleged no causes of action under the Constitution, but merely cites various amendments in his introductory paragraph. Compl., ¶ 1.

Plaintiff also alleges diversity as a basis for jurisdiction; however, he has failed to allege that the amount in controversy exceeds $75,000, and that each defendant is a citizen of a state other than California, plaintiff's state of citizenship. Two defendants, the Department of Housing and Community Development and Walter (LNU), are alleged to be citizens of California, thus precluding this court's exercise of diversity jurisdiction.

In determining the jurisdictional amount in controversy for diversity jurisdiction, both compensatory and punitive damages must be considered to the extent they are recoverable and to the extent claimed. Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996). See generally Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089 (9th Cir. 2003). Here, plaintiff, although seeking compensatory and punitive damages, has failed to allege a dollar amount, and therefore the amount in controversy requirement has not been satisfied.

Plaintiff has therefore failed to allege the jurisdictional basis for bringing this case in federal court. The claims asserted by plaintiff do not involve a federal question, and if diversity of citizenship is the basis of jurisdiction, the amount in controversy does not exceed the required jurisdictional amount and the parties are not completely diverse. Plaintiff will be permitted the opportunity to amend his complaint to cure these defects.

1  Plaintiff is informed that the court cannot refer to a prior pleading in order to
2 make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
3 complaint be complete in itself without reference to any prior pleading. This is because, as a
4 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
5 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
6 longer serves any function in the case. Therefore, in an amended complaint, as in an original
7 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8  In accordance with the above, IT IS HEREBY ORDERED that:

9  1. Plaintiff's request for leave to proceed in forma pauperis is granted;

10  2. Plaintiff's complaint is dismissed; and

11  3. Plaintiff is granted thirty days from the date of service of this order to file an
12 amended complaint that complies with the requirements of Federal law, the Federal Rules of
13 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
14 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an
15 original and two copies of the amended complaint; failure to file an amended complaint in
16 accordance with this order will result in a recommendation that this action be dismissed.

17 DATED: February 23, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

20 GGH:076/Stevens0247.ifp.wpd