IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL STEVENS,

    Plaintiff,                        No. CIV S-09-0247 FCD GGH PS

    vs.

CHERYL KARY, et al.,              FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

         Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Before the court are motions to dismiss, filed August 14, 2009, by defendant Sun Life Assurance Company ("Sun Life"), and August 17, 2009, by defendant Kary.[1]

         On September 15, 2009, this court issued an order to show cause why this case should not be stayed in light of a pending probate proceeding in state court. Plaintiff has now responded to that order.

\\\\\

\\\\\

---

[1] The motions were taken under submission without a hearing by order of September 15, 2009.

1

BACKGROUND

Plaintiff has filed an amended complaint alleging that his step sister, Cheryl Kary, converted personal and trust property. He also alleges that defendant Sun Life Insurance Company assisted Kary in the conversion. (Am. Compl. ¶ 9.) The amended complaint refers to an ongoing probate court proceeding.[2] Jurisdiction is predicated both on diversity, and on federal question, including the Arbitration Act, 9 U.S.C. § 4 et seq., and the First, Fifth, and Fourteenth Amendments; however, all of the claims are limited to state law, including conversion, trespass to chattel, reduced life expectancy, intentional tort, duty to mitigate by arbitration and abuse of process, malicious/vexatious litigation to harm, assault, negligence, aiding and abetting, breach of contract, infliction of emotional distress, and estoppel from unjust enrichment.

DISCUSSION

All of the parties acknowledge the pending probate proceeding in state court. It has been well established that probate matters are not within the jurisdiction of the federal court. Marshall v. Marshall, 547 U.S. 293, 308, 126 S.Ct. 1735, 1746 (2006) ("Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction."); Markham v. Allen, 326 U.S. 490, 494 (1946) (noting that federal courts cannot interfere with probate proceedings or assume control of property in the custody of the state court); Sutton v. English, 246 U.S. 199, 205 (1918) (observing that it is not within the jurisdiction of the federal courts to set aside a will or the probate thereof); Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 45 (1909) (holding that the jurisdiction of the probate court may not be interfered with concerning the probate administration of the estate).

In making the determination, the court should query "whether entertaining the action would cause the federal district court to interfere with the probate proceedings or assume general jurisdiction of the probate or assume control of property in the custody of the state court."

---

[2] Apparently the state court proceeding was brought by Kary against plaintiff for misappropriation of trust assets. (Dkt. #15 at 5:7-8.)

Moser v. Pollin, 294 F.3d 335, 340 (2nd Cir. 2002) (after examining first prong which is whether district court would have to directly probate a will or administer an estate), *quoting* Markham, 326 U.S. at 494. "Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall, 547 U.S. at 311-12, 126 S.Ct. at 1748.

The amended complaint is replete with references to the ongoing trust action in probate court. For example, the amended complaint alleges in part:

> That Kary's acts, words, deeds and omissions violated the Trust terms and converted Trust property; that because of Kary's conduct and the converting of Trust property, Lloyd was angered because of the breach.

(Am. Compl. ¶ 20.)

> Because of the wrongful and erroneous conduct or conversion of Trust property, and breach of the Trust terms, Lloyd modified the Trust and took Kary out of the Trust, on or around March 3, 2004, based on Kary's improper conduct, acts, breach and/or omissions of removing Trust assets from the Safe Deposit Box. Kary is sued for the wrongful and erroneous conduct, from her theft, fraud, breach, conversion, and/or resulting transfer of Trust assets, hereafter more fully set forth.

(Id., ¶ 22.)

The amended complaint further alleges that the Department of Housing and Community Development ("HCD") and Walter (non-parties) knew or should have known of the Superior Court's order prohibiting conversion of title, but did assist defendant Kary in wrongfully altering title from plaintiff to Kary, in violation of the court order and the terms of the Trust. Despite the non-party status of HCD and Walter, plaintiff alleges they show "further fraud, concealment, or illegal or wrongful acts or omissions by Defendant Kary over Trust assets." (Id., ¶ 38.) The property that is the subject of the instant dispute is alleged to be part of the trust. The amended complaint asserts that defendant Kary and her mother, Irene Stevens, opened a safe deposit box and placed the subject property, "being part of the trust," into the box.

(Id., ¶ 12.)

Moreover, although in spots plaintiff attempts to make this an *in personam* tort action seeking compensation for emotional distress, the majority of relief sought is inextricably intertwined with defining the terms of the trust – a matter solely within the province of the California probate court. For example:

> Enjoin the Defendants to cease their acts...and inattention to Plaintiffs rights, and to Trust terms...

Amended Complaint at 77(a)

> Grant declaratory relief that Plaintiff Lloyd had right to make the amendment that removed defendant Kary from the Trust....That Defendant Kary ratified the second amendment and thereby recognized the authority of Plaintiff Lloyd to make the Third Amendment to the Trust; and that by her refusing arbitration and bringing a claim in probate court she cut herself off from the Trust...

Id. At 77(b).

In his opposition to Kary's motion to dismiss, plaintiff specifically states: "[t]he controversy [plaintiff] further submits, is based on a Probate Action that refuses to interpret the Trust Contract and amendments, and whether Kary is bound by those amendments." (Dkt. #22 at 29:18-20.) Attached to the opposition is an affidavit by plaintiff's father and settlor/trustee of the trust, Lloyd Stevens, dated December 17, 2003. It insinuates that defendant Kary took government bonds and jewelry out of a safe deposit box, and jewelry from plaintiff's mother's bedroom. This affidavit references the elder Stevens' view that the disputed property belonged to him as part of the trust, but that defendant Kary argued this property was her mother's separate property. (Dkt. #22, Lloyd Stevens Aff.) Another document styled "Assignment of Personal Effects on Death of Lloyd Stevens" purports to assign all of Lloyd Stevens' personal effects, "prior to distribution of any other Trust assets," to his son, plaintiff Randall Stevens. It is dated June 20, 2003, postdating Irene's death and vesting of the trust assets in Lloyd. (Id.)

In his response to the order to show cause, plaintiff now attempts to distinguish the claims in the amended complaint from the probate proceedings in state court in order to avoid

4

the probate exception to the court's jurisdiction.  He admits that "because there is an ongoing in rem proceeding in state probate court in the above-described scenario, the federal court would need to determine whether the doctrine custodial legis, or prior exclusive jurisdiction, would prevent it from adjudicating the claims raised in federal court." (Dkt. # 28 at 7.)  Plaintiff elsewhere contends that the property at issue here is not part of the probate action but is in Kary's sole possession.  (Id. at 16:15-16.)  While making this assertion, he concedes in the next breath that Kary "seiz[ed] property while under a trust to adhere to the Settlor's intent and breaching that trust."  (Id. at 15.)   Despite these seemingly inconsistent assertions, the court cannot conceive that this property would not be addressed by the probate court as it allegedly came out of the trust.

Based on these documents, the main issue of the instant action appears to be whether the contents of the safe deposit box and the jewelry allegedly taken from Irene's bedroom are part of the trust, or Irene's separate property.  As such, it involves the manner in which the estate assets are ultimately distributed, and therefore this is the type of matter reserved to the jurisdiction of the state probate court.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss filed August 14, 2009, (# 14), by defendant Sun Life Assurance Company of Canada be granted and all claims against this defendant be dismissed for lack of subject matter jurisdiction; and

2. Defendant Kary' August 17, 2009 motion to dismiss, (# 17), be granted and all claims against this defendant be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be

5

1  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
2  objections shall be served and filed within seven (7) days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: 02/25/10

6                                         /s/ Gregory G. Hollows

7                                         _____
                                           GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE
8  GGH:076